**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SHANE WARE,<br>*Petitioner,*<br>v.<br>STATE OF MISSOURI,<br>*Respondent.* | No. 4:25-cv-1635 MAL |

## Order and Memorandum

Before the Court is Petitioner Shane Ware's Motion for Emergency Temporary Restraining Order (TRO), Doc. 3, under Federal Rule of Civil Procedure 65 and 28 U.S.C. § 1651. For the reasons set forth below, the Court denies Plaintiff's motion.

Petitioner moves for a TRO staying the enforcement of his state criminal conviction and ordering that Respondent the State of Missouri ("State") show cause why a writ of habeas corpus should not be issued. Doc. 3 at 4. Alternatively, Petitioner requests this Court to order a new trial in his case. *Id.*

In the prison context, "a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (cleaned up).

When determining whether to issue emergency injunctive relief, courts consider four factors: (1) a likelihood of success of the merits; (2) a threat of irreparable harm absent the injunction; (3) that the balance of harms favors the movant; and (4) that the public interest favors granting relief. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The first factor—likelihood of

success on the merits—is typically weighted the most heavily. *Schmitt v. Rebertus*, 148 F.4th 958, 966 (8th Cir. 2025).

The first factor—likelihood of success on the merits—favors the State. Petitioner has not demonstrated a likelihood of success on the merits because "Release on bail pending disposition of [a] habeas petition, or pending appeal, requires the habeas petitioner to show not only a substantial federal constitutional claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts . . . [and] also the existence of some circumstance making [the request] exceptional and deserving of special treatment in the interests of justice." *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) (internal citations omitted). "Habeas petitioners are rarely granted release on bail pending disposition or pending appeal." *Id.*

The Court weights the second factor—threat of irreparable harm absent the injunction—in Petitioner's favor. The Supreme Court has found that some violations of constitutional rights, even for minimal periods, constitute irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Assuming *arguendo* that is the case here, the Court does not weigh this factor heavily because success on the merits remains extremely unlikely.

The third factor—balance of the harms—favors the State. Petitioner was sentenced to over 300 years for child molestation. Doc. 1 at 1. Thus, the State is harmed more by letting Petitioner free than Petitioner is by waiting until the Court adjudicates his habeas case on the merits. If Petitioner is set free immediately without first succeeding in his habeas case, as he could reoffend or flee, and the State has a strong interest in preventing him from doing so.

The fourth factor—the public interest—favors the State. The public has a strong interest in keeping a convicted child molester in prison, at least until the Court has decided his habeas case.

Because the balance of all four of these factors favors the State, the Court declines to issue a TRO.

Further, emergency relief is the inappropriate vehicle for an order by this Court ordering a new trial. The purpose of emergency relief is “to preserve the relative positions of the parties until a trail on the merits can be held.” *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Because of this, “it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits.” *Id.* But that is exactly what the Petitioner asks this Court to do when he asks for release or a new trial—the exact relief he requests in his habeas petition. Doc. 3 at 4; Doc. 1 at 22 (requesting relief from state custody or alternatively a new trail). The Court declines Petitioner’s request.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff’s Motion for Emergency Temporary Restraining Order, Doc. 3, is **DENIED.**

This 30th day of September, 2026.

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE